UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FTE NETWORKS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MICHAEL BEYS, et al.,<br><br>　　　　Defendants. | Case No.  2:25-CV-01927-ART-EJY<br><br>ORDER |

　　　　Plaintiffs and Defendants both claim to control FTE Networks, Inc. Plaintiffs sued Defendants in state court, seeking a declaratory judgment that they were the rightful directors and officers of FTE, and a writ of mandamus compelling Defendants to hand over corporate books, records and other property. (ECF No. 1-3.) In their complaint, Plaintiffs generally alleged that Defendant Michael Beys had filed *ultra vires* petitions to place FTE subsidiaries into Chapter 7 bankruptcy proceedings. (*Id.*) Upon Plaintiffs' motion, the state court partially granted and partially denied a Temporary Restraining Order, tailoring relief to avoid interfering with the bankruptcy cases. (ECF Nos. 6-3, 14-2.) Defendants subsequently removed the action to this Court. (ECF No. 1.) At a hearing on October 24, 2025, this Court denied Plaintiffs' Emergency Motion to Remand (ECF No. 5) and granted their Emergency Motion to Enter a TRO. (ECF No. 6.) This order follows.

**I.　Removal**

　　　　As this case is bankruptcy-related and comes within the exclusive jurisdiction of the federal courts, this Court finds that removal is proper. *See* 28 U.S.C. §§ 1452(a), 1334.

　　　　While removals are subject to various procedural requirements, 28 U.S.C. §1441, the parties only dispute whether this Court has subject matter

jurisdiction. Plaintiffs contend that there is no federal subject matter jurisdiction because the causes of action pleaded in the complaint do not "aris[e] under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C. § 1331. Under that statute, there is no federal question jurisdiction unless the complaint pleads a federal cause of action, or where an issue of federal law is an essential and actually disputed element of a pleaded state cause of action. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005). But here, because this case is closely linked to ongoing bankruptcy proceedings, federal jurisdiction exists notwithstanding 28 U.S.C. § 1331.

A case's sufficiently close relationship to bankruptcy may give a federal court a basis for subject matter jurisdiction. *See* 28 U.S.C. §§ 1452(a), 1334. The federal courts have removal jurisdiction where Plaintiffs' claims fall "under" title 11, or "aris[e] under" or "aris[e] in" a title 11 proceeding. 28 U.S.C. § 1334(b). Here, Plaintiff's claim for declaratory judgment "aris[es] under" title 11 because it is a state law cause of action that is completely preempted by the Bankruptcy Code. *In re Miles*, 430 F.3d 1083, 1093 n.4 (9th Cir. 2005). Unlike other forms of preemption, complete preemption gives federal courts jurisdiction over what would otherwise be a state court complaint. *MSR Expl., Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 912 (9th Cir. 1996). The rationale for bestowing jurisdiction on completely preempted state claims is that "[t]he Supreme Court has concluded that the preemptive force of some federal statutes is so strong that… any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *In re Miles*, 430 F.3d at 1088 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). When determining if a cause of action related to bankruptcy is completely preempted, courts in the Ninth Circuit inquire whether Congress intended the bankruptcy statutes to provide the exclusive cause of action for the remedy sought. *Id.; see MSR Expl.*, 74 F.3d at 914-15 (finding that lawmakers expressed their intent to

2

have the federal courts administer bankruptcies when they created statutes giving the federal courts exclusive jurisdiction over suits under title 11, codified a comprehensive and exhaustive scheme for administering bankruptcies in title 11, and enshrined the uniformity of the bankruptcy scheme in the Constitution). Generally, complaints seeking relief for the improper filing of bankruptcy petitions are completely preempted by the Bankruptcy Code. "The filings of bankruptcy petitions are a matter of exclusive federal jurisdiction" because Congress has specifically precluded state courts from creating their own standards as to when persons may properly seek relief in bankruptcy. *Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987). "Parties injured by wrongful bankruptcy court filings must look to the Bankruptcy Code and rules for redress." *In re Bral*, 622 B.R. 737, 744 (2020). The Ninth Circuit has expressed concern that without preemption, the opportunities for attacking bankruptcy proceedings through state claims such as malicious prosecution "would only be limited by the fertility of the pleader's mind and by the laws of the state in which the proceeding took place." *MSR Expl.*, 74 F.3d. at 914.

The Ninth Circuit Bankruptcy Appellate Panel's opinion in *In re Bral* establishes that the Bankruptcy Code preempts state tort claims made against someone for allegedly filing voluntary bankruptcy petitions in excess of their authority. 622 B.R. at 744 n.5. That case grew out of a dispute occurring after one co-manager of a corporation improperly brought the corporation into voluntary Chapter 11 bankruptcy without a second co-manager's signature, consent, or joint authorization. *Id.* The bankruptcy court dismissed for lack of authorization. *Id.* at 744, 741. Later, the first co-manager filed another voluntary Chapter 11 bankruptcy petition. *Id.* At 741. The second co-manager (acting through another corporate entity) appeared in the new case and claimed to the bankruptcy court that he was owed damages for abuse of process and tortious interference with contractual relations, because the first wrongful petition

3

caused the vacatur of a valuable foreclosure sale. *Id.* The Panel ruled that the Bankruptcy Code preempted the second co-manager's state law allegations. *Id.* at 742. Examining the relevant precedent, the Panel found that it and the Ninth Circuit "[o]n a number of occasions… held that the Bankruptcy Code and Rules completely preempt state law causes of action and remedies arising from the act of filing a bankruptcy." *Id.* at 743. Although the second co-manager argued that the first co-manager should not benefit from the preemptive effect of the Bankruptcy Code because he had repeatedly brought improper claims under that statute, that defense was not availing. *Id.* Neither did it matter that the second co-manager's remedies under the Bankruptcy Code would be substantially different than under state law. *Id.* The Panel suggested that the proper remedy under the Bankruptcy Code would have been 11 U.S.C. § 362(d), which permits annulments of the automatic stay in certain situations, even though a claim under that section would have had to be asserted in the first bankruptcy proceeding. *Id.* at 746 n.6. The reasoning in *Bral* suggests that he Bankruptcy Code preempt state claims seeking relief from an *ultra vires* bankruptcy petition and that courts in the Ninth Circuit are highly protective of the uniformity of the federal bankruptcy scheme, even in some circumstances where preemption may benefit gamesmanship or alter available remedies.

Plaintiffs' complaint is completely preempted by the bankruptcy code. The declaratory judgment cause of action would disrupt the uniformity of the bankruptcy scheme because in essence, it constitutes a collateral attack on the parallel pending bankruptcy petitions. *See Gonzales,* 830 F.2d at 1035-36 ("The ability collaterally to attack bankruptcy petitions in the state courts would… threaten the uniformity of federal bankruptcy law, a uniformity required by the Constitution"). In their complaint, Plaintiffs "seek a judicial declaration that: Defendants have no authority – directly or indirectly – to act for, bind, or represent FTE *or its subsidiaries*" and "pray for … a temporary restraining order,

4

and a preliminary and/or permanent injunction, restraining Defendants from: *… initiating or continuing any bankruptcy or insolvency proceeding for FTE or its subsidiaries.*" (ECF No. 1-3) (emphasis added). In their state court motion for a TRO, Plaintiffs sought injunctive relief against the Defendants precisely to stop the bankruptcy proceedings. (ECF No. 1-1 at 20.) Plaintiffs point out that the core of their complaint is about corporate control, not the bankruptcy proceedings. Nevertheless, at the hearing, they conceded that a declaratory judgement would affect the pending bankruptcy proceedings initiated by Defendant Beys in the bankruptcy court of the Southern District of New York. Indeed, a desire to influence the bankruptcy proceedings was at least part of Plaintiffs' intent in bringing the complaint in the first place. Under the circumstances, the declaratory judgment that Plaintiffs seek is another means of attacking the propriety of a bankruptcy petition. Congress intended that claims relating to the improper filing of bankruptcy petitions should be brought before the Bankruptcy Court under the Bankruptcy Code. *See Gonzales*, 830 F.2d at 1035; *see e.g.* 11 U.S.C. §§ 707 (dismissal of a case under Chapter 7), 362(d) (relief from the automatic bankruptcy stay). This includes state law claims that complain of a petition filed in excess of authority. *In re Bral*, 622 B.R. at 744. To the extent that that Plaintiffs seek the declaratory judgment as a form of relief from misconduct, "the Ninth Circuit and [the Ninth Circuit Bankruptcy Appeals] Panel have steadfastly held that the Code preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case." *In re Chausse*, 399 B.R. 225, 232 (2008); *accord Gonzales*, 830 F.2d at 1035; *see, e.g.* Bankr.R. 9011 (authorizing sanctions for those who file improper claims); 11 U.S.C. § 303(i)(2) (authorizing sanctions for those who file involuntary bankruptcy petitions in bad faith).

While the request for declaratory judgment may be removed on the basis of jurisdiction under 28 U.S.C. § 1334, the request for a writ of mandamus may

5

also be removed on the basis of supplemental jurisdiction because it forms part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003). The complaint centers on a single issue: who controls FTE. Both stated claims for relief flow from that central dispute. Removal of both claims is therefore proper.

## II.     Temporary Restraining Order

Prior to the removal of this action, Plaintiffs obtained an oral order in state court that granted their request for a TRO in part. They now move this Court to enter the state court's minute order summarizing the TRO, and direct the parties to submit proposed TRO orders to this court for consideration and signature. (ECF No. 6.) In support of their motion, Plaintiffs cite 28 U.S.C. § 1450, which states that "[w]henever any action is removed from a State court to a district court of the United States… All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

The date that the state court TRO was set to expire has come and gone. The state court TRO was to last either until a preliminary injunction hearing set for October 22, 2025 (ECF No. 6-3), or, if the parties agreed to postpone the hearing, until to the date that the hearing was finally held. (ECF No. 14-2.) However, the parties apparently never submitted an agreement to postpone, as Defendants removed to this Court on October 8, 2025, two days after the entry of the TRO. (ECF No. 1.)

Regardless of whether the TRO remains in "full force and effect," this Court orders and enters a TRO effective until the date of the preliminary injunction hearing, which is yet to be set. A plaintiff seeking a TRO must establish that they are (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and that (4) an injunction is in the public interest.

6

*Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (preliminary injunction and TRO standard are identical). Under Ninth Circuit precedent, a stronger showing of one element may offset a weaker showing of another. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). Here, Plaintiffs have shown all four. Plaintiffs are likely to succeed on the merits considering that they secured control of FTE and oust the defendants pursuant to corporate bylaws that were declared valid in a previous state court judgment. (ECF No. 14-2.) In the absence of a TRO, they are likely to suffer irreparable harm, such as being unable to inspect the books and records of FTE, to act for or direct the company, to comply with their fiduciary duties to the company, or perform other actions that should be theirs to take. The balance of equities tips on the Plaintiffs' favor and an injunction is in the public interest, because of public policies respecting judicial orders, settled principles of corporate governance, and corporate stability.

The parties have consented to submit a stipulation containing the detailed terms of the TRO for this Court's approval by close of business on Friday, October 31, 2025. The TRO that this Court orders conforms with the essential terms state court TRO, which "granted the application to the extent it enjoined and prohibited Defendants… from taking any action on behalf of FTE Networks, Inc… [and] further GRANTED the application to the extent it enjoins by mandating Defendants and all those acting in concert with Defendants to turn over books and records of FTE Networks only." (ECF No. 6-4.) Furthermore, Judge Gall ordered that the TRO would not be effective until Plaintiffs posted a security of $30,000. (*Id.*) The amount of security remains $30,000, and the TRO remains limited to FTE and not its subsidiaries in bankruptcy. The only material change is in the date of expiration. At the hearing, the parties agreed to fill in the details by stipulation.

### III. Stay

The best manner of resolving this case efficiently and without undue interference with the parallel bankruptcy proceedings remains to be established. The options include, but might not be limited to, stay and transfer. The parties are directed to provide briefing on whether a stay should issue, and if so, under what authority. Parties may move for transfer if they so choose.

Parties are directed to provide briefing on the applicability of the automatic bankruptcy stay. Under 11 U.S.C. § 362(a), "a petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities, of… any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." However, the general rule in the Ninth Circuit is that a bankruptcy stay does not extend to non-debtor defendants. Although other circuits will make an exception when there is "identity between the debtor and the third-party defendant [such] that… a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," the Ninth Circuit has more than once declined to adopt this rule. *Dish Network, LLC. v. Jadoo TV, Inc.,* No. CV 18-9768-FMO (KSX), 2019 WL 4544423 (C.D. Cal. Aug. 14, 2019) (citing *In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 246–47 (9th Cir. 1994)); *Aerodynamics Inc. v. Caesars Ent. Operating Co.,* No. 215-CV-01344-JAD-BNW, 2020 WL 5995488, at *1–2 (D. Nev. Oct. 9, 2020). If a feature of FTE's corporate structure, some applicable legal exception, or other issue of fact or law would bring this case within the ambit of the automatic stay, the parties are directed to provide briefing to explain how.

Parties are also directed to provide briefing on any other relevant sources of authority for a stay, including but not limited to the Supreme Court's opinion in *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). Courts in the Ninth Circuit may issue a *Landis* stay where the stay would benefit judicial efficiency, and where the Court has decided that a stay would be merited despite the hardship

that it would work. *See Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1102 (9th Cir. 2005); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In some situations, cases stayed under *Landis* pending the resolution of parallel bankruptcy proceedings. *See Taft v. Salinas,* No. 3:22-CV-697-RSH-DEB, 2025 WL 1940181, at *1 (S.D. Cal. July 15, 2025); *Beardsley v. All Am. Heating, Inc.*, No. C05-1962P, 2007 WL 1521225, at *1 (W.D. Wash. May 22, 2007).

**IV.   Conclusion**

It is hereby ORDERED that Plaintiffs' Motion to Remand (ECF No. 5) is DENIED.

It is further ORDERED that Plaintiffs' Motion to Enter a TRO (ECF No. 6) is GRANTED. Defendants are enjoined from acting on behalf of FTE Networks, Inc., and are required to turn to over books and records of FTE Networks, Inc., that do not also belong to a subsidiary. The TRO will be effective upon the posting of a $30,000 bond with the clerk of court. The TRO will remain in place until the preliminary injunction hearing, which date the parties will set in coordination with the Courtroom Administrator.

It is further ORDERED that the parties will submit a stipulation with further proposed terms of the TRO by close of business on Friday, October 31st.

It is further ORDERED that before the preliminary injunction hearing, the parties provide supplemental briefing on whether this case must be stayed under 11 U.S.C. § 362 or should be stayed under another source of law.

It is further ORDERED that the parties submit a stipulation containing a proposed schedule for briefing on the subject of a stay.

IT IS SO ORDERED.

DATED this 29th day of October, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE